IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03181-KLM

PATRICIA WRIGHT, formerly known as Patricia Critchfield,

    Plaintiff,

v.

TWIN CITY FIRE INSURANCE COMPANY, and
THE WARRANTY GROUP, L.L.C., also known as TWG Holding, L.L.C.,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion to Set Aside Order (Doc. No. 56)** [Docket No. 59; Filed June 15, 2012] and **Plaintiff's Motion to Extend Deadline for Response to and Reply in Support of Motion for Determination of Amount of Attorneys' Fees and Costs (Doc. No. 57)** [Docket No. 62; Filed June 22, 2012].

    On April 19, 2012, the Court accepted for filing Plaintiff's Amended Complaint [#40]. The entry of the Amended Complaint [#41], and the subsequent dismissal of certain defendants [#54], changed the landscape of this lawsuit. What was an ERISA review case is now a suit for denial of workers' compensation benefits premised on diversity jurisdiction. *See* [## 26, 41]. A Scheduling Conference regarding the Amended Complaint is set for July 3, 2012 [#49].

    On April 25, 2012, Defendants filed a Motion to Modify Order Granting Plaintiff's Motion to Amend, and for Attorneys' Fees [#45]. Defendants requested that the Court modify its previous order permitting the entry of Plaintiff's Amended Complaint to include

an award of fees and costs to Defendants for their efforts in defending Plaintiff's previous ERISA claims. *Id.* Pursuant to Fed. R. Civ. P. 6(d) and D.C.COLO.LCivR 7.1C., Plaintiff's response to Defendants' Motion to Modify was due on or before May 21, 2012. Plaintiff did not timely respond, and the Court issued a Minute Order on May 29, 2012, which granted Defendants' request for fees and instructed Defendants to file a motion for fees no later than June 19, 2012 [#56].

Defendants submitted their Motion for Determination of Amount of Attorneys' Fees and Costs on June 1, 2012 [#57]. Two weeks later, Plaintiff filed the instant Motion to Set Aside the Court's Minute Order issued May 29, 2012. *See* [#59]. In essence, the proffered excuse for Plaintiff's failure to timely respond to Defendants' Motion to Modify is that one of her attorneys mistakenly relied on another of her attorneys, who failed to inform their collective law firm of the relevant deadlines and general status of this matter. *See id.* Plaintiff contends that she has thus demonstrated excusable neglect, and that she should be permitted to file a response to Defendants' Motion to Modify out of time. *Id.*

Partners in the same law firm are "vicariously bound by the obligation of client loyalty of each of the attorneys in the firm." *E.g., People ex rel. Peters v. Dist. Ct. in & for the Cnty. of Arapahoe*, 951 P.2d 926, 931 (Colo. 1998); *see also LaFond v. Sweeney*, – P.3d –, 2012 WL 503655, at *7 (Colo. App. 2012) ("Although the act of dissolution changes certain practicalities of the client's interaction with the firm, it does not void or negate the contract or release the firm from its obligations to the client."). Although the Court accepts counsel for Plaintiff's representations of internal law firm discord as true, the explanation does not excuse the firm's apparent inability to follow through on its collective obligation to prosecute Plaintiff's case with the requisite attention to detail. For example, not only did Plaintiff fail to file a timely response to Defendants' Motion to Modify, but also she

previously expressed her intent to file an amended complaint by a certain date and did not do so, see [#38], and she then missed the extended deadline to file her amended complaint, see [#40].  Further, Plaintiff delayed a full two weeks from the filing of Defendants' Motion for Determination of Amount of Attorneys' Fees and Costs to bring the issues regarding the changes in her counsels' law firm to the Court's attention.  Such delay demonstrates more than simple negligence in maintaining deadlines.  Given the Court's previous warning to Plaintiff that "any untimely future filing shall be automatically rejected," see [#40], Plaintiff's Motion to Set Aside is unavailing.  Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Motion to Set Aside Order [#59] is **DENIED**.

IT IS FURTHER **ORDERED** that Plaintiff's Motion to Extend Deadline for Response . . . [#62] is **GRANTED IN PART**, solely to the extent that Plaintiff shall respond to Defendants' Motion for Determination of Amount of Attorneys' Fees and Costs [#57] on or before **July 10, 2012**.  Defendants may reply within *fourteen days* of Plaintiff's response.

Dated: June 26, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge