IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03181-KLM

PATRICIA WRIGHT, formerly known as Patricia Critchfield,

　　　Plaintiff,

v.

TWIN CITY FIRE INSURANCE COMPANY, and
THE WARRANTY GROUP, L.L.C., also known as TWG Holding, L.L.C.,

　　　Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　　This matter is before the Court on Defendant Twin City Fire Insurance Company's ("Twin City") and Defendant The Warranty Group, L.L.C.'s ("TWG") (collectively "Defendants") Motion for Determination of Amount of Attorneys' Fees and Costs [Docket No. 57; Filed June 1, 2012] (the "Motion").[1]  Plaintiff submitted a Response in opposition to the Motion on June 15, 2012 [#69] (the "Response"), Defendants filed a Reply on July 24, 2012 [#73] (the "Reply"), and Plaintiff filed a Surreply on September 7, 2012 [#76] (the "Surreply").   The Court has reviewed the Motion, Response, Reply, Surreply, and applicable law, and is sufficiently advised in the premises.  For the reasons stated below, IT IS HEREBY **ORDERED** that Defendants' Motion be **GRANTED IN PART** and **DENIED**

---

[1] Former Defendants The Hartford, The Hartford Life and Accident Insurance Company, and The Hartford Financial Services Group Inc. (collectively "Hartford Defendants") also bring the instant Motion. [#57] at 1 n.1.  Although the Hartford Defendants were voluntarily dismissed on May 29, 2012, they were parties to the motion pursuant to which the Court granted fees and costs.  *See* [#45, #56].

**IN PART**.

## I.  Summary of the Case

Plaintiff initiated this action by filing a Complaint in Boulder County District Court on April 1, 2011.  *Complaint* [#2].  On December 7, 2011, Defendants removed the case to federal court.  *Notice of Removal* [#1].  As the basis for removal, Defendants asserted federal question jurisdiction based on Plaintiff's allegations pursuant to the Employee Retirement Income Security Act ("ERISA").  *Id.* at 3-5.  Alternatively, Defendants alleged jurisdiction based on diversity of citizenship.  *Id.* at 5-13.

In the Complaint, Plaintiff asserts one claim for relief.  [#2] at 2-4.  Plaintiff alleges that she was injured at work while employed by Defendant TWG and that the injury resulted in her becoming disabled.  *Id.* at 2.  Due to this injury, Plaintiff applied for and received workers' compensation and disability benefits.  *Id.* at 1-2.  Defendant Twin City provided the workers' compensation benefits.  *Id.* at 2.  The former Hartford Defendants provided workers' compensation and long-term disability benefits.  *Id.*  Plaintiff, however, contends that Defendants "wrongfully delayed, denied, suspended, and failed to pay" the long-term disability benefits she was due, and improperly delayed and/or denied workers' compensation benefits.  *Id.* at 2.  Plaintiff asks for relief in the form of compensation for non-economic losses, economic losses (including loss of earnings and medical expenses), pre- and post-judgment interest, and compensatory damages arising from Defendants' alleged bad faith conduct and any unpaid workers' compensation and disability benefits.  *Id.* at 3-4.

On December 14, 2011, Defendants responded to the Complaint with a Motion to

Dismiss Plaintiff's Complaint [#17] (the "Motion to Dismiss") and a Brief in Support of Motion to Dismiss Plaintiff's Complaint [#18] (the "Brief").  Defendants alleged that Plaintiff failed to exhaust her administrative remedies and that Plaintiff's state law theories of relief were preempted by ERISA.  *See Brief* [#18].  Judge Martinez struck Defendants' Motion to Dismiss and Brief on December 15, 2011 because Defendants failed to confer with Plaintiff prior to filing them.  *See Order* [#19].

Defendants and Plaintiff subsequently conferred about the Motion to Dismiss. Plaintiff then notified Defendant that Plaintiff would amend the Complaint.  *Motion for Attorneys' Fees* [#45] at 5; *Response* [#69] at 2.   On January 12, 2012, however, Defendants filed an Amended Motion to Dismiss Plaintiff's Complaint [#22] (the "Amended Motion to Dismiss") and Brief in Support of Amended Motion to Dismiss Plaintiff's Complaint [#23] (the "Amended Brief"), which restated the same arguments raised in the original Motion to Dismiss and Brief.

On January 26, 2012, Defendants filed a Proposed Scheduling Order [#24] based on an ERISA administrative review track, which was signed by both parties.  The Court noted at the January 31, 2012 scheduling conference that this was an ERISA case.  *See Minute Entry* [#25].

On February 3, 2012, Plaintiff timely filed a Response to the Amended Motion to Dismiss [#27].  In it, Plaintiff stated:

> Shortly before the Scheduling Conference, this case was reassigned to undersigned counsel from within the law firm representing Plaintiff.   It appears that undersigned counsel will henceforth be primarily responsible for representing Plaintiff.  Accordingly, undersigned counsel will be responsible for seeking leave to amend the Complaint to correct any deficiencies regarding the preemptive effect of ERISA.

*Response to the Amended Motion to Dismiss* [#27] at 2.  The referenced "undersigned counsel" was Attorney Peter Moyson ("Attorney Moyson").  *Id.* at 3.  Plaintiff also represented that she "will promptly request leave from the Court to file an amended Complaint that deletes allegations regarding the improper delay or denial of disability benefits," thereby mooting the Amended Motion to Dismiss [#22].  *Id.* at 2.  Plaintiff indicated that she would file such motion "no later than Wednesday, February 8, 2012." *Id.* at 3.  The parties then consented to magistrate judge jurisdiction on February 6, 2012 [#28], after which Judge Martinez referred the case to the undersigned for further adjudication.  *See Order* [#29].

On February 8, 2012, Defendants filed a Reply in Support of Amended Motion to Dismiss [#31], stating that Plaintiff's intention to seek leave to amend did not forestall dismissal of the operative complaint. By the following day, Plaintiff had failed to meet her self-imposed filing deadline for an amended complaint.  In compliance with the Scheduling Order [#26], Defendants filed the "818-page administrative record" on March 1, 2012.  [## 35, 36].

On April 4, 2012, the Court imposed a deadline of April 18, 2012 for Plaintiff to file an amended complaint.  *See Order* [#38].  On April 19, 2012, Plaintiff filed a Motion to Amend the Complaint [#39], which included a proposed Amended Complaint.  Despite the late filing, the Court accepted the Motion to Amend for resolution, granted it, and denied Defendant's Amended Motion to Dismiss as moot.  *See Minute Order* [#40].

The Amended Complaint alleges that the Hartford Defendants and Defendant Twin City were workers' compensation insurance carriers for Defendant TWG.  *Amended Complaint* [#41] at 2.  Plaintiff further alleges in the Amended Complaint that "Defendants

have failed, or refused to pay, fair workers' compensation benefits to the Plaintiff" and that "Defendants have unreasonably delayed or denied workers' compensation benefits to Plaintiff...." *Id.* at 3-4.  Plaintiff's Amended Complaint contains no allegations regarding disability benefits and is limited to allegations regarding workers' compensation benefits. *See* [#41].  On May 11, 2012, Plaintiff filed a Notice of Rule 41(a)(1)(A)(I) Voluntary Dismissal of The Hartford Defendants [#53], pursuant to which the Court dismissed the Hartford Defendants. *See Order* [#54].

On May 15, 2012, Attorney Moyson separated from the law firm he had been working for. *Motion to Extend Deadline* [#62] at 2.  On October 19, 2012, Attorney Moyson filed a Motion to Withdraw as Counsel for Plaintiff [#77].  On November 11, 2012, the Court granted the Motion, relieving Attorney Moyson of representation of Plaintiff. *See Order* [#79].  The Court, however, retained jurisdiction over Attorney Moyson for the limited purpose of deciding the instant Motion. *Id.*  The Court further ordered that Plaintiff shall continue to be represented by Attorneys John G. Taussig ("Taussig") and Scott D. Smith ("Smith") of the same law firm. *Id.*

Defendants filed the instant Motion [#57] following the Court's Order [#56] granting their Motion for Attorneys' Fees [#45].[2]  Because Plaintiff failed to timely respond to the attorneys' fees motion, the Court construed it as being unopposed. *Minute Order* [#56]. The Court's Order directed Defendants to "file a motion compliant with D.C. COLO.LCivR 54.3B . . . for fees and costs incurred up to the filing of the instant Motion on April 25,

---

[2] The motion also requested that the Court modify its order granting Plaintiff's motion to amend by conditioning the Court's acceptance of the Amended Complaint on the dismissal of the Hartford Defendants. *See* [#45].  The Court denied that request as moot in light of Plaintiff's notice to voluntarily dismiss the Hartford Defendants. *See Order* [#56].

2012." On June 15, 2012, Plaintiff filed a "Motion to Set Aside Order (Doc. No. 56) and for Extension of Time to Respond to Defendants' Motion to Modify Order Granting Plaintiff's Motion to Amend, and for Attorneys' Fees (Doc. No. 45)" [#59] (the "Motion to Set Aside Order"). Additionally, on June 22, 2012, Plaintiff filed a "Motion to Extend Deadline for Response to and Reply in Support of Motion for Determination of Amount of Attorneys' Fees and Costs (Doc. No. 57)" [#62] (the "Motion to Extend Deadline"). On June 26, 2012, the Court denied the Motion to Set Aside Order and granted in part the Motion to Extend Deadline "solely to the extent that Plaintiff shall respond to" the instant Motion [#57]. *See Order* [#63].

## II. Analysis

Defendants argue in the instant Motion that they are entitled to an award of $50,700.00 in attorneys' fees and costs incurred through April 25, 2012. [#57] at 5. Defendants provide affidavits, billing records and employee profiles in support of the requested amount. *See* [#57-1 to #57-3]. In the Response, despite the Court's denial of Plaintiff's motion to set aside the order granting fees and costs to Defendants, Plaintiff again challenges the imposition of fees and costs. [#69] at 5-8. Additionally, Plaintiff argues that Defendants' fees and costs request is "prima facie unreasonable." [#69] at 8. Plaintiff further argues that Attorney Moyson should be solely liable for any attorneys' fees and costs awarded to Defendants. Finally, Plaintiff requests an evidentiary regarding the Motion.

Defendants argue in the Reply that the issue before the Court "is limited to their documentation of the amounts reasonably incurred by Defendants" through April 25, 2012. [#73] at 3 (emphasis in original). They contend that Plaintiff continues to argue the settled

issue of whether there is a valid basis for Defendants to recover their fees and costs and they urge the Court not to reconsider those arguments. *Id.* Defendants further argue that Plaintiff's challenges to the amount of fees and costs are without merit, and that any award should not be imposed solely and personally against Attorney Moyson. *Id.* at 7-11 and 18-19. In the Surreply, Plaintiff argues that there are many unresolved factual issues that warrant an evidentiary hearing on Defendants' Motion.

## A.      Plaintiff's Challenges to Order Granting Defendants Attorneys' Fees and Costs

Among the arguments raised by Plaintiff in the Response are challenges to the scope of the Court's Order [#56] granting Defendants' motion for attorneys' fees. [#69] at 5-8. First, Plaintiff argues that the Court should limit any fees and costs awarded to Defendants to the expenses incurred after the filing of Defendants' Amended Motion to Dismiss [#22] on January 12, 2012, because that is when Defendants experienced their alleged harm. *Id.* at 5-6. Second, Plaintiff argues that any fees and costs incurred after the filing of Defendants' Amended Motion to Dismiss [#22] are unreasonable because Plaintiff's Response to the Amended Motion to Dismiss [#27] informed Defendants that Plaintiff would be amending her complaint and removing all ERISA issues. *Id.* at 6-7. Third, Plaintiff contends that granting Defendants any fees or costs incurred after Plaintiff filed her Amended Complaint [#41] would be unreasonable because any after-the-fact fees and costs are unrelated to the delay leading up to the filing of the Amended Complaint [#41]. *Id.* at 8.

The Court finds that because it has already resolved these time-related issues in its Order granting fees and costs, Plaintiff's challenges are untimely and will not be considered here. Plaintiff should have raised these arguments in response to the Motion for Attorneys'

Fees [#45].  Because Plaintiff failed to respond, however, the Court construed the motion

for fees as unopposed and granted it.  *See Minute Order* [#56].  Moreover, Plaintiff later

filed a Motion to Set Aside Order [#59], which the Court denied.  *See Order* [#63].  Thus,

Plaintiff may not continue to challenge the Court's ruling on the motion for fees and costs.

Pursuant to Defendants' request in the motion for fees, the Court granted an award of

attorneys' fees and costs "incurred up to" April 25, 2012.  *See Motion for Attorneys' Fees*

[#45]; *see also Minute Order* [#56].  As a result, Plaintiff's arguments challenging the

periods of time for which fees and costs should be allowed will not be considered.[3]

Plaintiff further challenges the scope of the Court's Order [#56] granting fees and

costs by arguing that any award should be limited to those fees and costs that pertain to

the defense of the bad faith long-term disability claim.  *Response* [#69] at 8.  Plaintiff

argues that Defendants' billing must "bifurcate or apportion between the work done" on

Plaintiff's long-term disability and workers' compensation claims.  *Surreply* [#76] at 5.

For the reasons provided above, however, the Court will not consider Plaintiff's

argument that the scope of the award should be so limited.  Plaintiff could have raised this

argument before the Court granted the motion for fees but failed to do so.  The Order [#56]

granting fees imposed no such limitation and the Court will not re-visit that determination

here.  Moreover, even Plaintiff's Complaint [#2] failed to bifurcate the disability claim and

---

[3] Plaintiff also argues that she should not be responsible for any fees or costs related to filing the motion for attorneys' fees.  *Response* [#69] at 7-8.  This too should have been raised in response to the motion for fees rather than at this stage.  Regardless, the Court agrees with Defendants' contention that they are permitted to receive fees and costs incurred in preparing a motion for attorneys' fees.  *See Reply* [#73] at 18; *Fann v. Hartford Underwriters Ins. Co.,* Civil Action No. 11-cv-03156-CMA-BNB, 2012 WL 5363786, at *1 (D. Colo. Oct. 31, 2012) (citing *Weyant v. Okst,* 198 F.3d 311, 316 (2d Cir. 1999)).

the workers' compensation claim in that both were included in one claim for relief.  *See Complaint* [#2] at 2-4.  Accordingly, Plaintiff's argument that any fees and costs awarded should be limited to those pertaining to the defense of the bad faith long-term disability claim will not be considered.  Because the Court finds, based on it prior Order [#56], that only those arguments pertaining to the reasonableness of the amount of the fees alleged will be considered, the Court turns to those issues.

**B.    Plaintiff's Challenges to the Reasonableness of the Amounts of Defendants' Requested Attorneys' Fees and Costs**

Generally, Plaintiff contends that Defendants' fees and costs are "unnecessary, excessive, and duplicative."  *Response* [#69] at 8-9; *Surreply* [#76] at 7.  Plaintiff supports her contentions with line-by-line objections to Defendants' billing entries in which she claims the fees are excessive, vague, unnecessary, and fail to apportion between hours worked on long term disability and workers' compensation claims, among other objections.  *See Exhibit 3* [#69-3].

In the body of the Response, Plaintiff identifies three specific challenges to Defendants' billing entries.  First, Plaintiff challenges Defendants' "0.3 hours" of attorney time by "MDA" on November 7, 2011 that is described in a partially redacted line, which reads, "Strategize regarding . . ."  *Response* [#69] at 9.  Second, Plaintiff challenges Defendants' "23.5 hours" of attorney time expended to prepare for the "disclosure of the administrative record and preparing the ERISA tracked scheduling order."  *Response* [#69] at 6.  Third, Plaintiff challenges Defendants' billing for "37 hours for preparation and filing of their motion to dismiss and brief in support of their motion."  *Response* [#69] at 9.

Defendants argue in the Reply that their fees and expenses are reasonable because

they were forced to address an "unprecedented form of hybridized pleading that improperly combined long-term disability allegations with vague references to other types of insurance in a single claim for relief." *Reply* [#73] at 8.  Defendants similarly argue that Plaintiff raised a "peculiar claim, involving issues of civil procedure, insurance law, federal jurisdiction, and the intricacies of ERISA preemption." *Id.* at 8-9.  They contend that they "were remarkably efficient in achieving an excellent outcome as a result of the motion - total dismissal of the ERISA claim and a number of defendants - with a relatively small expenditure of time and resources." *Id.* at 9.  Defendants also claim that their billing rate is discounted, that they are foregoing $284 in incurred expenses, and that they "wrote off more than four hours of additional time on the invoices, valued at more than $1,100." *Id.* at 9-10.  Defendants further argue in the Reply that Plaintiff's line-by-line objections are too general and conclusory and that Plaintiff "has failed to provide any valid explanation or rationale for sustaining any of these scattershot objections." *Reply* [#73] at 12.

### 1.    Legal Standards

Pursuant to D.C. COLO.LCivR 54.3B., a party seeking an award of attorneys' fees must provide "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and a summary of the relevant qualifications and experience."  A party seeking an award of attorneys' fees must also demonstrate that the expenses it seeks are reasonable.  *See Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007).  Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Generally, the starting point for any calculation of reasonable attorneys' fees is the "lodestar," that is, the number

of hours reasonably expended multiplied by a reasonable hourly rate.[4]  *Hensley*, 461 U.S. at 433; *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996).  The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion.  *Hensley*, 461 U.S. at 436-37.

"Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended."  *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998).  "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice.  *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983) (*overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)). The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment.  *Case*, 157 F.3d at 1250 ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

Additionally, the party seeking attorneys' fees bears the burden of producing

---

[4] Plaintiff suggests that the lodestar amount may be adjusted pursuant to the twelve factors established in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and adopted by the Tenth circuit in *Gottlieb v. Barry*, 43 F.3d 474, 482 n.4 (10th Cir. 1994). *Response* [#69] at 4.  However, Plaintiff fails to apply or analyze any of these factors to explain how they would affect the lodestar calculation.  *See Response* [#69] at 4.

"satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).  To determine whether the rates claimed by Defendants are reasonable, the Court must determine whether the rate is comparable to that of similarly situated and qualified professionals.  *See Zuchel v. City & Cnty. of Denver*, 997 F.2d 730, 746 (10th Cir. 1993).  The Court may look to affidavits presented by either side, but opposition in the form of "unsupported factual assertions [or] an ad hominem attack . . . [is] entirely inappropriate."  *Id.* at 746 n.7.

## 2. Application

Here, Defendants submit an affidavit signed under penalty of perjury by Attorney Michael D. Alper ("Alper").  *See Aff. of Michael Alper in Support of Motion for Determination of Attorneys' Fees and Expenses* [#57-1].  The affidavit includes the total fees billed by each attorney and paralegal, the number of hours billed, and the respective billing rates. *See id.*  According to the affidavit, Defendants incurred attorneys' fees exceeding $50,000.00 and costs exceeding $700.00 in connection with this action.  *See Id.*  These fees and costs are further supported by a twenty-three page invoice.  *See Invoice* [#57-2]. The Court finds that the information supplied by Defendants satisfies the requirements of Local Rule 54.3B.

### a.    Requested Rates

The Court first considers the reasonableness of the hourly rates of Attorney Alper, Attorney Kenneth E. Stalzer ("Stalzer"), Paralegal Patrick Kunkler ("Kunkler"), and Paralegal Kirsten Geiger ("Geiger").  Attorney Alper is lead counsel for Defendants in this matter.  *Affidavit* [#57-1] at 2.  Attorney Alper is admitted to practice in two states, before

four United States District Courts, and before two United States Circuit Courts.  *See Michael D. Alper Biography* [#57-3].  Attorney Stalzer is admitted to practice in two states. *See Kenneth E. Stalzer Biography* [#57-4].   Paralegal Geiger "has over 16 years of experience as a litigation paralegal."  *See Kirsten A. Geiger Biography* [#57-3].  Here, both attorneys charged fees at an hourly rate of $260.00 and both paralegals charged fees at an hourly rate of $100.00.  *Affidavit* [#57-1] at 2-3.  In light of the evidence proffered by Defendants, and the absence of meaningful evidence to the contrary presented by Plaintiff, the Court finds that the rates claimed by Defendants are reasonable.  More specifically, the Court finds that the hourly rates of $260.00 and $100.00 are reasonable in this jurisdiction for individual's with Attorney Alper's, Attorney Stalzer's, Paralegal Kunkler's, and Paralegal Geiger's experience and qualifications.  *See Shrader v. Beann*, No. 10-cv-01881-REB-MLW, 2012 WL 527480, at *3 (D. Colo. Feb. 12, 2012) (finding that an hourly rate of $425 for senior attorneys in the Denver area is reasonable); *Broker's Choice of Am., Inc. v. NBC Universal, Inc.*, No. 09-cv-00717-CMA-BNB, 2011 WL 3568165, at *8-9 (D. Colo. Aug. 15, 2011) (same)).

### b.   Hours

The Court next considers the reasonableness of the hours expended by the attorneys and paralegals.  The requested attorneys' fees, incurred between April 19, 2011 and April 27, 2012, are based on (1) 68.30 hours of attorney time noted by Attorney Alper; (2) 113.10 hours of attorney time noted by Attorney Stalzer; (3) 25.30 hours of paralegal time noted by Paralegal Kunkler; and (4) 5.90 hours of paralegal time noted by Paralegal Geiger.  *See Invoice* [#57-2]*; Motion* [#57] at 5.  From the filing of the Complaint [#2] on April 11, 2011 through April 25, 2012 when Defendants requested fees, Defendants have

prepared and filed the following documents:

1)  *Motion to Dismiss Plaintiff's Complaint (Fed. R. Civ. P. 12(b)(6)) by Defendants Hartford Life and Accident Insurance Company, The Hartford Financial Services Group, Inc., Twin City Fire Insurance Company, TWG Holdings, Inc., and The Warranty Group, Inc.* [#18] ("Motion to Dismiss");

2)  *Defendants' Brief in Support of Motion to Dismiss Plaintiff's Complaint (Fed. R. Civ. P. 12(b)(6))* [#19];

3)  *Amended Motion to Dismiss Plaintiff's Complaint (Fed. R. Civ. P. 12(b)(6)) by Defendants Hartford Life and Accident Insurance Company, The Hartford Financial Services Group, Inc., Twin City Fire Insurance Company, TWG Holdings, Inc., and The Warranty Group, Inc.* [#22];

4)  *Defendants' Brief in Support of Amended Motion to Dismiss Plaintiff's Complaint (Fed. R. Civ. P. 12(b)(6))* [#23];

5)  *Defendant's Reply in Support of Amended Motion to Dismiss Plaintiff's Complaint (Fed. R. Civ. P. 12(b)(6))* [#31];

6)  *Unopposed Motion to File Administrative Record Under Restriction* [#33];

7)  *Administrative Record* [## 35, 36];

8)  *Defendants' Notice Regarding Jurisdiction in Response to Order to Show Cause* [#44]; and

9)  *Defendant's Motion to Modify Order Granting Plaintiff's Motion to Amend, and for Attorneys' Fees* [#45].

Here, in determining the reasonableness of the hours expended, the Court has considered the invoices supplied by Defendants, Defendants' and Plaintiff's arguments on this issue, and the level of success achieved by Defendants, among other factors.  *See Hensley*, 461 U.S. at 437 (holding that the Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained"); *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and

significance of issue in dispute).  Based on those considerations, the Court exercises its

"discretion in determining the amount of [the] fee award" and does not "apportion the fee

award mechanically" by conducting a line-by-line assessment of each claimed fee and

expense.[5]  *See Hensley*, 461 U.S. at 437-438.  Based on this Court's twenty-seven years

of combined private and judicial experience and careful consideration of the evidence and

the issues underlying this matter, the Court finds that Defendants' claimed fees are

unreasonable here.  *See, e.g., Onesource Commercial Prop. Servs., Inc. v. City & Cnty.*

*of Denver*, No. 10-cv-02273-WJM-KLM, 2011 WL 3583398, at *2 (D. Colo. Aug. 12, 2011).

Specifically, the Court finds that Defendants' 181.40 hours of attorney time and 31.20 hours

of paralegal time are excessive and should be reduced.

The hours claimed here were all expended during the early stages of this case.

Although Defendants ultimately succeeded on their motion to dismiss the ERISA claim and

the related Defendants when Plaintiff filed her Amended Complaint [#41] and Notice of

Dismissal [#53], the dismissals did not terminate the case.  Plaintiff continues to maintain

a claim for workers' compensation benefits against two Defendants in this action.  Thus,

in a nutshell, Defendants are seeking more than $50,000.00 in fees for work that resulted

in success on a partial motion to dismiss.  The Court recognizes that much of the work for

which Defendants are requesting fees was not directly related to their motion to dismiss.

However, as indicated above, when exercising its discretion in determining an appropriate

---

[5] The Court notes that Defendants' request for fees includes 0.10 hours of attorney time noted by Attorney Alper and 0.10 hours of attorney time noted by Attorney Stalzer for $26.00 each, both of which were incurred on April 27, 2012, two days after the cut-off date of April 25.  *Invoice* [#57-2] at 22.  Additionally, the request includes an expense for $72.50 incurred on April 26, 2012 and an expense for $17.36 incurred on April 30, 2012.  *Id.* at 23.  Thus, if the Court were conducting a line-by-line assessment of the invoices, it would begin by eliminating these items.

award of fees, the Court must consider the relationship between the fees sought and the results achieved. *See Hensley*, 461 U.S. at 437 (holding that the Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained"); *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and significance of issue in dispute). Considering that relationship here, the Court finds that the hours expended to arrive at a requested fee award of more than $50,000.00 at this relatively early stage of the case are excessive. Based on the Court's assessment of this matter, it finds that a reasonable fee award under these circumstances is $25,000.00. Regarding costs, the Court finds that Defendants' requested costs of $610.14 are reasonable.

## C.   Imposition of Fees Award Against Attorney Moyson

Plaintiff argues that any fees and costs awarded to Defendants should be imposed solely against Attorney Moyson because he was the only attorney who filed or submitted any pleadings on behalf of Plaintiff during the time period when Defendants incurred the requested fees and costs. *Response* [#69] at 9; *Surreply* [#76] at 7. Attorney Moyson, who submitted a declaration as an attachment to Defendants' Reply, asserts that the law firm for which he worked should be liable for attorneys' fees and costs because Attorney Taussig, who is still with that law firm, is responsible for any alleged damages that Defendant incurred. *Decl. of Peter Moyson* [#73-1] at 2.

It is undisputed that Attorney Moyson was not associated with the law firm at the time of the original complaint, which was prepared and filed by Attorney Taussig. *Decl. of Moyson* [#73-1] at 2; *Decl. of Taussig* [#76-1] at 2. Additionally, Attorneys Moyson and

Taussig agree that Taussig was "principally responsible" for contacting Plaintiff. *Decl. of Moyson* [#73-1] at 2; *Decl. of John Taussig* [#76-1] at 2. With respect to Plaintiff's ERISA claim, Attorney Moyson suggests that Attorney Taussig should have asked Plaintiff whether she exhausted her administrative remedies before filing the Complaint. *Decl. of Mason* [#73-1] at 2. Additionally, Attorney Moyson asserts that he was required to obtain Attorney Taussig's permission before "taking positions or submitting documents in client matters, including this one." *Id.* He further contends that Attorney Taussig ignored his communications regarding Plaintiff's ERISA claim or delayed responding to him. *Id.* Attorney Taussig, on the other hand, asserts that Attorney Moyson was "lead counsel for all procedural matters, discovery, and to get the case at least to depositions, and perhaps to trial." *Decl. of Taussig* [#76-1] at 1. Attorney Taussig also contends that he encouraged and permitted Attorney Moyson to file all necessary pleadings. *Id.* at 2. Finally, Attorney Taussig states that Attorney Moyson said he would resolve the issues regarding the Motion to Dismiss and Attorney Taussig trusted that Attorney Moyson would do so. *Id.* at 2-3.

Additionally, the record reflects that since Plaintiff filed her Complaint [#2], she has consistently failed to meet deadlines and has requested extensions, both before and after she was represented by Attorney Moyson. *See, e.g., Motion to Amend the Complaint* [#39]; *Unopposed Motion to Accept Filing One Day Out of Time* [#47]; *Motion to Set Aside Order* [#59]; *Motion to Extend Deadline* [#62]; *Motion for a One Day Extension* [#70]. Likewise, the Court has issued warnings to Plaintiff regarding the importance of timely filings both before and after Attorney Moyson's departure. *See Minute Order* [#40]; *Order* [#63] at 3; *Minute Order* [#71].

Based on its review of the declarations and the case file, the Court finds insufficient

-17-

evidence to conclude that Attorney Moyson bears primary responsibility for the actions that led to the award of fees and costs such that the fee award should be imposed against him. Attorney Taussig initiated this action on behalf of Plaintiff by signing the initial Complaint [#2], including the ERISA claim, and he continues to represent Plaintiff. Moreover, Plaintiff's counsel has presented no case law or statutory authority to support its argument that the Court should impose fees and costs solely against Attorney Moyson. Absent a legal basis to do so, and in light of Attorney Taussig's involvement in this case from the beginning, the Court denies Plaintiff's request to impose the order for fees and costs against Attorney Moyson.

## D.   Request for an Evidentiary Hearing

Finally, Plaintiff requests an evidentiary hearing regarding Defendants' Motion. *Response* [#69] at 9. Plaintiff alleges that a hearing is necessary to determine numerous unresolved issues of fact. *See Sureply* [#76].

"[A]n evidentiary hearing is generally preferred, if not required, when factual disputes exist in connection with a request for attorney fees and costs and those disputes cannot be resolved without a hearing." *Michael A. Cramer, MAI, SRPA, Inc. v. U.S.*, 47 F.3d 379, 383 (10th Cir. 1995). However, "[i]n some instances, of course, a district judge's familiarity with the facts in dispute may obviate the need for a hearing with respect to fees that may be proper." *Id.* (citation omitted). Similarly, "many courts have long accepted the proposition that there is no need for an evidentiary hearing in an attorney's fees case when a record has been fully developed through briefs, affidavits, and depositions." *Robinson v. City of Edmond*, 160 F.3d 1275, 1286 (10th Cir. 1998).

Here, Defendants submitted an affidavit and a twenty-three page invoice with the

-18-

Motion [#57].  Plaintiff then filed a Response [#69] with supporting documents consisting of forty-seven total pages.  Defendants have filed a nineteen-page Reply [#72] with an accompanying declaration.  The Court then granted Plaintiff leave to submit a surreply [#75], which Plaintiff did [#76], along with an accompanying declaration.  The Court therefore finds that the record has been fully developed.  *See Robinson*, 160 F.3d at 1286.  Additionally, the Court's familiarity with the relevant factual issues here renders an evidentiary hearing unnecessary.  Accordingly, Plaintiff's request for a hearing is denied.

### III.  Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that Plaintiff's Motion for Determination of Amount of Attorneys' Fees and Costs [#57] is **GRANTED IN PART** and **DENIED IN PART**.

IT IS FURTHER **ORDERED** Defendants are awarded $25,000.00 in attorneys' fees and $610.14 in costs.

IT IS FURTHER **ORDERED** that Plaintiff's request to impose the fees and costs against Defendant Moyson and Plaintiff's request for an evidentiary hearing are **DENIED**.

Dated:  February 12, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

-19-