## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03181-KLM-KLM

PATRICIA WRIGHT fka PATRICIA
CRITCHFIELD,

        Plaintiff,

v.

TWIN CITY FIRE INSURANCE COMPANY
and THE WARRANTY GROUP, L.L.C., aka
TWG HOLDING, L.L.C.,

        Defendants.

---

### STIPULATED PROTECTIVE ORDER

---

~~Upon a showing of good cause in support of the entry of a protective order~~ To protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, under Federal Rule of Civil Procedure 26(c), IT IS ORDERED THAT:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, information produced in response to subpoenas issued to nonparties, and any other information disclosed or produced pursuant to the disclosure, production or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information disclosed, testimony, written discovery answers, court filings, or documents produced in this action and designated "Confidential" shall be information that designating counsel believes in good faith is confidential and implicates the parties' or non-parties' common law or statutory privacy interests or contain trade secrets or other confidential research, development, or commercial information.

4.      Confidential information shall not be disclosed or used for any purpose except the preparation and trial of this case and any appeal.

5.      Documents are designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "Confidential."

6.      Any summary, notes, or copies containing designated Confidential information shall be subject to the terms of this Protective Order to the same extent as the information or document from which the summary or copy was made.

7.      Confidential documents, materials, or information (collectively "Confidential information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to the following "Qualified Persons":

        a.   counsel of record for the parties and employees and agents of such counsel who are assisting such counsel in the preparation or trial of this action;

2

b.  the parties and their past and present officers, directors, employees, and agents
    and designated representatives for the entity defendants; however, by agreeing to
    this protective order, no party waives or releases its rights pursuant to any
    confidentiality or non-disclosure agreements with past officers, directors,
    employees, or agents;

c.  testifying and non-testifying experts and consultants retained in connection with
    this proceeding, to the extent such disclosure is necessary for preparation, trial or
    other proceedings in this case;

d.  the Court and its employees ("Court Personnel") in accordance with the
    procedures regarding filing under seal as described herein, including any
    Magistrate Judge or Special Master appointed by the Court, court reporters,
    employees of outside copy services or digital reproduction services used to make
    copies of Confidential Information, and mediators, arbitrators, or other personnel
    engaged as part of alternative dispute resolution, to the extent reasonably
    necessary for the conduct of this action;

e.  stenographic reporters who are engaged in proceedings necessarily incident to the
    conduct of this action;

f.  potential, anticipated, or actual fact witnesses who counsel for the disclosing party
    believes in good faith is likely to have knowledge pertaining to the content of the
    Confidential Information to be disclosed by such witness;

g.  witnesses who testify at depositions, hearings, or at trial, if any such further
    proceedings occur in this case; and

3

h. other persons by written agreement of the parties, or by further Order of the

Court.

8.      Prior to disclosing any Confidential information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters, and current officers, directors, employees, and agents of the party that produced the Confidential Information), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions in the form attached as Exhibit A. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel. In addition, each Qualified Person and their attorneys expressly agree that they are subject to the personal jurisdiction of this Court for purposes of any proceeding brought by a party to this action to enforce this Order.

9.      Except to the extent otherwise permitted by this Order, every Qualified Person provided copies of or access to Confidential information pursuant to this Order shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of the Confidential information or any portion thereof as Confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such Confidential information.

10.      If any counsel of record distributes copies of material containing Confidential information to one or more Qualified Persons, all such materials, and all copies, notes, extracts, summaries, or descriptions of such material, shall be either destroyed or returned to that counsel

4

of record at the completion of the Qualified Person's consultation or representation in this case. If a Qualified Person destroys such material, rather than returning it to that counsel of record, the Qualified Person shall promptly provide to that counsel of record an affidavit stating that all materials containing Confidential information, and all copies, notes, extracts, summaries, or descriptions of any such material, have been destroyed. That counsel of record shall, upon request by opposing counsel or the Court, provide to opposing counsel (a) an affidavit stating that all materials containing Confidential information, and all copies, notes, extracts, summaries, or descriptions of any such material, have, to the best of that counsel of record's knowledge, been returned or destroyed as required, and (b) all affidavits of Qualified Persons who provided that counsel of record with affidavits pursuant to the provisions of this paragraph.

Nothing in this Order shall prevent a party from using at trial or hearing or during a deposition, or in connection with briefs or other papers filed with the Court, any Confidential information, except that any such use shall not expand the persons to whom such documents or information may not be disclosed pursuant to this Order. Any Confidential information, including deposition transcripts, as well as briefs and other papers containing or otherwise disclosing such information, that is filed with or otherwise submitted to the Court shall be filed under restriction. The party filing the document must comply with the requirements of D.C.Colo.LCivR 7.2 and D.C.COLO. Electronic Case Filing Procedures ECF Rule 6.

11.     Whenever a deposition involves the disclosure of Confidential information, the deposition, portions thereof, or exhibits shall be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as

Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after having received a copy of the final transcript.

12.    A document or portion thereof containing Confidential information identified and marked in accordance with this Protective Order may be filed with the Court or included in whole or in part in pleadings, motions, or briefs with the Confidential information redacted without the need to move to seal or restrict such document. Otherwise, a document or portion thereof containing any Confidential information must be filed under restriction in accordance with D.C.COLO.LCivR 7.2 and Section 6.1 of the Electronic Case Filing Procedures (Civil Cases) in the United States District Court for the District of Colorado.

13.    If a party inadvertently produces Confidential Information without the required "Confidential" legend, the producing party shall, within five business days of discovering the inadvertent omission, inform the receiving party in writing of the inadvertent omission and the specific material at issue. Upon receipt of such notice, the receiving party shall treat the material identified in the notice as Confidential until (a) the parties agree to non-confidential treatment of the subject material, or (b) this Court enters an order stating that the document shall not be treated as Confidential information. A party shall not be deemed to have waived any right to designate material as "Confidential" by allowing inspection of such material prior to a designation of such material as "Confidential" or by inadvertently failing to mark a document as "Confidential" prior to its disclosure.

14.    If a party contends that any document has been erroneously or improperly designated Confidential, it shall nevertheless treat the document as Confidential until either (a)

that party obtains from the designating party written permission to do otherwise, or (b) this Court enters an order stating that the document shall not be treated as Confidential Information.

15.    A party may challenge the designation of a document or other material as Confidential only as follows:

a.    If a party believes that material designated by another as Confidential has not been properly so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to that material under this Order, that party (the "challenging party") shall provide to the designating party written notice of that disagreement, and shall identify the information by Bates label or other specific identifier, to which the objection is made and the reasons for each objection. During the 10-day period following service of the written challenge on the designating party (the "Meet and Confer Period"), the challenging and designating parties shall first try to dispose of such challenge in good faith on an informal basis.

b.    If neither the designation nor the objection is withdrawn during the Meet and Confer Period, the designating party shall have 35 days from the receipt of the written challenge notice to apply to the Court for an order confirming the "CONFIDENTIAL" designation. *pursuant to MT Mix's discovery procedures.* The designating party bears the burden of establishing that the material is entitled to protection as Confidential Information. Any material that is designated as Confidential Information that is the subject of a challenge shall remain subject to this Protective Order until the Court rules on the designating party's motion or, if no motion is made, until the time for the designating party to bring a motion has expired.

7

16.    Inadvertent production of any document subject to the attorney-client privilege, the attorney work-product protection, or any other applicable privilege, protection, or immunity provided by law shall not constitute a waiver of the privilege, protection, or immunity, provided that the producing party promptly notifies the receiving party in writing of such inadvertent production after the producing party discovers such inadvertent production. Fed. R. Civ. P. 26(b)(5)(B) & Fed. R. Evid. 502. If prompt notification is made and the producing party establishes the circumstances surrounding the document's inadvertent production and the grounds for an applicable privilege, protection, or immunity, such inadvertently produced document and all copies thereof shall be returned to the producing party or destroyed, upon request, within seven (7) days of the receiving party's receipt of the written request to return or destroy. The receiving party shall not make any use of such document in the case, including but not limited to, motions, briefs, discovery, depositions, hearings, or trial, nor shall the receiving party show the document to anyone who was not already given access to it prior to the producing party's request to return or destroy. If, after conferring, the parties cannot agree as to whether a document should be protected from disclosure by a privilege, protection, or immunity, the receiving party shall have 14 days to file a motion with the Court seeking an order that the document is not privileged, protected, or immune from disclosures. While such a motion is pending, the receiving party shall not make any use of such document in the case and such document shall not be shown by the receiving party to anyone who was not already given access to such document prior to the producing party's request to return or destroy.

17.    At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential shall be returned to

the party that designated it Confidential, or the parties may elect to destroy Confidential information and documents, including notes, extracts, summaries, or other materials referencing the Confidential information with the exception that counsel of record may retain one copy of each deposition transcript designated as Confidential information, subject to the ongoing confidentiality obligations imposed herein. Where the parties agree to destroy Confidential information or documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

18.     After the termination of this action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding. The terms of this Order constitute, and shall be deemed to be, an enforceable agreement between the parties (and their agents and attorneys, to the extent permitted by the Colorado Rules of Professional Conduct), and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

19.     This Order shall be binding on the parties, their attorneys, and the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over whom or which the parties have control.

20.     This Order does not constitute a waiver or limitation of any party's right to object to discovery on any ground, including the ground that information sought contains trade secrets or other confidential research, development, or commercial information; nor does it constitute an admission or representation by any party that any document or information designated as Confidential is in fact a trade secret or contains confidential research, development, or

commercial information; nor does it constitute a waiver of any party's right to challenge the confidentiality of any redaction or designation.

21.     By producing documents for review and inspection, the parties do not waive any objections to relevance for summary judgment or other purposes or to the admissibility at trial of any such document or of any information contained in any such document.

22.     This Order does not constitute a waiver or limitation of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege or other applicable privilege, the work-product doctrine, or any other protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

23.     The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party, to assert or apply for additional or different protection.

24.     Nothing in this Order shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents.

25.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated: November 22, 2013.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03181-KLM-KLM

PATRICIA WRIGHT fka PATRICIA
CRITCHFIELD,

   Plaintiff,

v.

TWIN CITY FIRE INSURANCE COMPANY
and THE WARRANTY GROUP, L.L.C., aka
TWG HOLDING, L.L.C.,

   Defendants.

---

### EXHIBIT A: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare and agree as follows:

1. My address is _____
_____.

2. My present employer is _____
_____.

3. My present occupation or job description is _____
_____.

4. I acknowledge that I may receive information or material, or both, designated as "CONFIDENTIAL" in accordance with the Protective Order ("Order") regarding treatment of Confidential information entered by the Court in the lawsuit identified in the above caption.

5. I have received a copy of that Order and have read it. I am familiar with its terms and conditions. I agree to comply with and to be bound by each of the terms and conditions of that Order. In particular, I agree to hold in confidence, in accordance with the requirements of the Order, any information and material disclosed to me pursuant to that Order.

6. I understand that the Order has been issued by a court of competent jurisdiction and is enforceable by the power of contempt. I understand fully that my breach of the Order, or

11

any of its terms, may result in sanctions by the Court, contempt proceedings, or other proceedings to enforce the terms of the Order.

7.      I agree (a) to notify all stenographic, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Order, (b) to provide them with a copy of this declaration for their signature, and (c) to obtain and keep the copy of this declaration after it has been properly signed.

8.      I agree that I will not show, disseminate, or in any way communicate, orally, in writing, or otherwise, to anyone, or use or copy, for any purpose whatsoever, other than as required for the preparation and trial of this action, any Confidential information provided to me in connection with this litigation, and I will not reveal any Confidential information to any person who is not a "Qualified Person" as defined in paragraph 7 of the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and represents my understanding of my agreement to be bound to the terms of the Protective Order.

Executed this _____ day of _____, _____, at _____.

Signed:_____

12