IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03181-KLM

PATRICIA WRIGHT, formerly known as Patricia Critchfield,

Plaintiff,

v.

TWIN CITY FIRE INSURANCE COMPANY, and
THE WARRANTY GROUP, L.L.C., also known as TWG Holding, L.L.C.,

Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Twin City Fire Insurance Company's

("Twin City") and Defendant The Warranty Group, L.L.C.'s ("TWG" and, collectively with

Twin City, "Defendants") **Motion for Entry of Final Judgment Against Plaintiff and Her**

**Attorneys on the Court's Order Awarding Attorneys' Fees and Costs** [#104][1] (the

"Motion"). On July 29, 2013, John G. Taussig, III ("Taussig") and Scott D. Smith ("Smith"),

attorneys with Taussig & Taussig, P.C., (collectively, the "Taussig Attorneys") submitted

a Response [#113].[2] On August 15, 2013, Defendants filed a Reply [#114]. The Court has

---

[1] "[#104]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] The Taussig Attorneys state that "any argument as to the propriety or impropriety of an apportionment between Plaintiff and her counsel, or as to the propriety or impropriety of entering judgment against one or more of Plaintiff or her counsel individuals gives rise to an actual or apparent conflict." *Response* [#113] at 2. Therefore, for purposes of the instant Motion, Plaintiff is represented by Steven R. Barrett and the Response is filed only on behalf of the Taussig Attorneys.

reviewed the Motion, the Response, the Reply, the entire docket, and applicable law, and is sufficiently advised in the premises. For the reasons stated below, the Motion [#104] is **granted** as set forth below.

## I. Summary of the Case

Plaintiff initiated this action by filing a Complaint in Boulder County District Court on April 1, 2011. *See Complaint* [#2] at 1. On December 7, 2011, Defendants removed the case to federal court. *See generally Notice of Removal* [#1]. As the basis for removal, Defendants asserted federal question jurisdiction based on Plaintiff's allegations pursuant to the Employee Retirement Income Security Act ("ERISA"). *Id.* at 3-5. Alternatively, Defendants alleged jurisdiction based on diversity of citizenship. *Id.* at 5-13.

In the Complaint, Plaintiff asserted one claim for relief. *Complaint* [#2] at 2-4. Plaintiff alleged that she was injured at work while employed by Defendant TWG and that the injury resulted in her becoming disabled. *Id.* at 2. Due to this injury, Plaintiff applied for and received workers' compensation and disability benefits. *Id.* at 1-2. Defendant Twin City provided the workers' compensation benefits. *Id.* at 2. The former Hartford defendants provided workers' compensation and long-term disability benefits. *Id.* Plaintiff, however, contended that Defendants "wrongfully delayed, denied, suspended, and failed to pay" the long-term disability benefits she was due, and improperly delayed and/or denied workers' compensation benefits. *Id.* at 2. Plaintiff asked for relief in the form of compensation for non-economic losses, economic losses (including loss of earnings and medical expenses), pre- and post-judgment interest, and compensatory damages arising from Defendants' alleged bad faith conduct and any unpaid workers' compensation and

disability benefits.  *Id.* at 3-4.

On December 14, 2011, Defendants responded to the Complaint with a Motion to Dismiss Plaintiff's Complaint [#17] (the "Motion to Dismiss") and a Brief in Support of Motion to Dismiss Plaintiff's Complaint [#18] (the "Brief").  Defendants alleged that Plaintiff failed to exhaust her administrative remedies and that Plaintiff's state law theories of relief were preempted by ERISA.  *See generally Brief* [#18].  Judge Martinez struck Defendants' Motion to Dismiss and Brief on December 15, 2011 because Defendants failed to confer with Plaintiff prior to filing them.  *See Order* [#19].

Defendants and Plaintiff subsequently conferred about the Motion to Dismiss. Plaintiff then notified Defendant that Plaintiff would amend the Complaint.  *Motion to Modify Order Granting Plaintiff's Motion to Amend, and For Attorneys' Fees* [#45] (the "Motion to Modify") at 5; *Response to Fees Motion* [#69] at 2.  On January 12, 2012, however, Defendants filed an Amended Motion to Dismiss Plaintiff's Complaint [#22] (the "Amended Motion to Dismiss") and Brief in Support of Amended Motion to Dismiss Plaintiff's Complaint [#23] (the "Amended Brief"), which restated the same arguments raised in the original Motion to Dismiss and Brief.

On January 26, 2012, Defendants filed a Proposed Scheduling Order [#24] based on an ERISA administrative review track, which was signed by both parties.  The Court noted at the January 31, 2012 scheduling conference that this was an ERISA case.  *See Minute Entry* [#25].

On February 3, 2012, Plaintiff timely filed a Response to the Amended Motion to Dismiss [#27].  In it, Plaintiff stated:

Shortly before the Scheduling Conference, this case was reassigned to

3

undersigned counsel from within the law firm representing Plaintiff. It appears that undersigned counsel will henceforth be primarily responsible for representing Plaintiff. Accordingly, undersigned counsel will be responsible for seeking leave to amend the Complaint to correct any deficiencies regarding the preemptive effect of ERISA.

*Response to the Amended Motion to Dismiss* [#27] at 2. The referenced "undersigned counsel" was Attorney Peter Moyson ("Attorney Moyson"). *Id.* at 3. Plaintiff also represented that she "will promptly request leave from the Court to file an amended Complaint that deletes allegations regarding the improper delay or denial of disability benefits," thereby mooting the Amended Motion to Dismiss [#22]. *Id.* at 2. Plaintiff indicated that she would file such motion "no later than Wednesday, February 8, 2012." *Id.* at 3. The parties then consented to magistrate judge jurisdiction on February 6, 2012 [#28], after which Judge Martinez referred the case to the undersigned for further adjudication. *See generally Order* [#29].

On February 8, 2012, Defendants filed a Reply in Support of Amended Motion to Dismiss [#31], stating that Plaintiff's intention to seek leave to amend did not forestall dismissal of the operative complaint. By the following day, Plaintiff had failed to meet her self-imposed filing deadline for an amended complaint. In compliance with the Scheduling Order [#26], Defendants filed the "818-page administrative record" on March 1, 2012. [##35, 36].

On April 4, 2012, the Court imposed a deadline of April 18, 2012 for Plaintiff to file an amended complaint. *See Order* [#38]. On April 19, 2012, Plaintiff filed a Motion to Amend the Complaint [#39], which included a proposed Amended Complaint. Despite the late filing, the Court accepted the Motion to Amend for resolution, granted it, and denied Defendant's Amended Motion to Dismiss as moot. *See Minute Order* [#40].

The Amended Complaint alleges that the former Hartford defendants and Defendant Twin City were workers' compensation insurance carriers for Defendant TWG. *Amended Complaint* [#41] at 2. Plaintiff further alleges in the Amended Complaint that "Defendants have failed, or refused to pay, fair workers' compensation benefits to the Plaintiff" and that "Defendants have unreasonably delayed or denied workers' compensation benefits to Plaintiff." *Id.* at 3-4. Plaintiff's Amended Complaint contains no allegations regarding disability benefits and is limited to allegations regarding workers' compensation benefits. *See generally Amended Complaint* [#41].

On April 25, 2012, Defendants filed their Motion to Modify [#45] in which they sought an award of attorneys' fees incurred due to "Plaintiff's dilatory and abusive pleading practices." *Motion to Modify* [#45] at 2. In the Motion to Modify, Defendants based their request for attorneys' fees on the fee-shifting provision applicable to ERISA claims, 29 U.S.C. § 1132(g)(1). *Id.* at 12-13.

On May 11, 2012, Plaintiff filed a Notice of Rule 41(a)(1)(A)(i) Voluntary Dismissal of the former Hartford defendants [#53], pursuant to which the Court dismissed the former Hartford defendants. *See Order* [#54] at 1.

On May 15, 2012, Attorney Moyson separated from the law firm he had been working for which represented Plaintiff. *Motion to Extend Deadline* [#62] at 2.

On May 29, 2012, the Court granted in part Defendants' Motion to Modify [#45].[3]

---

[3] The motion also requested that the Court modify its order granting Plaintiff's motion to amend by conditioning the Court's acceptance of the Amended Complaint on the dismissal of the Hartford Defendants. *See Motion to Modify* [#45] at 1. The Court denied that request as moot in light of Plaintiff's notice to voluntarily dismiss the former Hartford defendants. *See Order* [#56] at 1.

Because Plaintiff failed to timely respond to the Motion to Modify, the Court construed it as being unopposed. *Minute Order* [#56] at 1. The Court's Order directed Defendants to "file a motion compliant with D.C. COLO.LCivR 54.3B . . . for fees and costs incurred up to the filing of the instant Motion on April 25, 2012." *Id.*

On June 1, 2012, Defendants filed their Motion for Determination of Amount of Attorneys' Fees and Costs [#57] (the "Fees Motion"). On June 15, 2012, Plaintiff filed a "Motion to Set Aside Order (Doc. No. 56) and for Extension of Time to Respond to Defendants' Motion to Modify Order Granting Plaintiff's Motion to Amend, and for Attorneys' Fees (Doc. No. 45)" [#59] (the "Motion to Set Aside Order"). Additionally, on June 22, 2012, Plaintiff filed a "Motion to Extend Deadline for Response to and Reply in Support of Motion for Determination of Amount of Attorneys' Fees and Costs (Doc. No. 57)" [#62] (the "Motion to Extend Deadline"). On June 26, 2012, the Court denied the Motion to Set Aside Order and granted in part the Motion to Extend Deadline "solely to the extent that Plaintiff shall respond to" the Fees Motion [#57]. *See Order* [#63] at 3.

On October 19, 2012, Attorney Moyson filed a Motion to Withdraw as Counsel for Plaintiff [#77]. On November 11, 2012, the Court granted the Motion, relieving Attorney Moyson of representation of Plaintiff. *See Order* [#79] at 1. The Court, however, retained jurisdiction over Attorney Moyson for the limited purpose of deciding the Fees Motion. *Id. at 2.* The Court further ordered that Plaintiff shall continue to be represented by Attorneys Taussig and Smith of Attorney Moyson's former law firm. *Id.* at 1.

On February 12, 2013, the Court entered an Order granting in part the Fees Motion [#57] and awarding Defendants $25,610.14 in attorneys' fees and costs. *Order* [#84] at 19. That Order also denied Plaintiff's request that the Court impose the fees and costs against

Attorney Peter Moyson, an attorney who represented Plaintiff during part of the litigation.

*Id.* Specifically, the Court stated:

> It is undisputed that Attorney Moyson was not associated with the law firm at the time of the original complaint, which was prepared and filed by Attorney Taussig. Additionally, Attorneys Moyson and Taussig agree that Taussig was "principally responsible" for contacting Plaintiff. With respect to Plaintiff's ERISA claim, Attorney Moyson suggests that Attorney Taussig should have asked Plaintiff whether she exhausted her administrative remedies before filing the Complaint. *Decl. of Moyson* [#73-1] at 2. Additionally, Attorney Moyson asserts that he was required to obtain Attorney Taussig's permission before "taking positions or submitting documents in client matters, including this one." *Id.* He further contends that Attorney Taussig ignored his communications regarding Plaintiff's ERISA claim or delayed responding to him. *Id.* Attorney Taussig, on the other hand, asserts that Attorney Moyson was "lead counsel for all procedural matters, discovery, and to get the case at least to depositions, and perhaps to trial." *Decl. of Taussig* [#76-1] at 1. Attorney Taussig also contends that he encouraged and permitted Attorney Moyson to file all necessary pleadings. *Id.* at 2. Finally, Attorney Taussig states that Attorney Moyson said he would resolve the issues regarding the Motion to Dismiss and Attorney Taussig trusted that Attorney Moyson would do so. *Id.* at 2-3.

> Additionally, the record reflects that since Plaintiff filed her Complaint [#2], she has consistently failed to meet deadlines and has requested extensions, both before and after she was represented by Attorney Moyson.

> Based on its review of the declarations and the case file, the Court finds insufficient evidence to conclude that Attorney Moyson bears primary responsibility for the actions that led to the award of fees and costs such that the fee award should be imposed against him. Attorney Taussig initiated this action on behalf of Plaintiff by signing the initial Complaint [#2], including the ERISA claim, and he continues to represent Plaintiff. Moreover, Plaintiff's counsel has presented no case law or statutory authority to support its argument that the Court should impose fees and costs solely against Attorney Moyson. Absent a legal basis to do so, and in light of Attorney Taussig's involvement in this case from the beginning, the Court denies Plaintiff's request to impose the order for fees and costs against Attorney Moyson.

*Order* [#84] at 16-17 (internal citations omitted). The Order concluded by ordering that

"Defendants are awarded $25,000.00 in attorneys' fees and $610.14 in costs." *Id.* The

7

Court also ordered "that Plaintiff's request to impose the fees and costs against Defendant Moyson and Plaintiff's request for an evidentiary hearing are **DENIED**." *Id.* (emphasis in original).

In the instant Motion [#104], Defendants state that while the Court ordered Plaintiff to pay them $25,610.14, no payment has been made. *Motion* [#104] at 2. Defendants ask the Court to enter final judgment jointly and severally against Plaintiff and her attorneys "John Taussig, III, Esq., Scott Smith, Esq., and former attorney of record Peter Moyson, Esq." on the Court's award of attorneys' fees and costs in the amount of $25,610.14 plus interest of eight percent from February 12, 2013. *Id.* at 2-3.

In their Response, the Taussig Attorneys argue that the attorneys' fees and costs award was entered against Plaintiff, not her counsel. *Response* [#113] at 2. The Taussig Attorneys further argue that pursuant to 28 U.S.C. § 1961, interest is calculated from the entry of judgment at a rate equal to the weekly average 1-year constant maturity Treasury yield. *Id.* at 9. In lieu of a response, Plaintiff, represented by separate counsel, filed a Confession of Judgment [#112] which "authorizes the Court to enter judgment" in the amount of $25,610.14 "against Plaintiff and in favor of Defendants." *Confession of Judgment* [#112] at 1.

In their Reply, Defendants argue that the Taussig Attorneys "are estopped from arguing that the fee award should not be entered against them and their firm, because [the Taussig Attorneys] have already taken the legal position that the fees and costs are awardable against Plaintiff's counsel" and that the Taussig Attorneys have waived any such argument. *Reply* [#114] at 2. Defendants also clarify that they do not seek entry of

judgment against Attorney Smith.  *Id.* at 11.[4]   They argue that the "Court has already

identified the reasons Mr. Taussig and his firm bear 'primary responsibility' for the conduct."

*Id.* (citing *Order* [#84] at ¶ 18).   In addition, Defendants argue that "an award of attorneys'

fees that <u>is</u> reduced to a sum certain is a final and appealable order, and therefore a

'judgment' for purposes of determining interest on the award."   *Id.* at 12 (emphasis in

original).   Therefore, they argue that interest should be calculated from the date the Order

[#84] was entered.

## II.  Analysis

### A.      Attorneys Moyson and Smith

In its Order regarding Defendants' Fees Motion [#84], the Court already determined

that fees will not be assessed against Attorney Moyson individually.  Accordingly, to the

extent the Motion seeks entry of a Final Judgment against Attorney Moyson, it is **denied**

for the reasons stated in the Court's previous Order.  *See Order* [#84] at 16-18.  As noted

above, Defendants abandoned their initial request that final judgment enter against

Attorney Smith.  *Reply* [#114] at 12.  Accordingly, the remainder of this Order addresses

Defendants' request that final judgment in the amount of $25,610.14 enter jointly and

severally against Plaintiff and Attorney Taussig.

### B.      Effect of Plaintiff's Confession of Judgment

The parties fail to address the effect of Plaintiff's Confession of Judgment on

Defendants' ability to obtain entry of a final judgment against Plaintiff and Attorney Taussig

---

[4] In their conclusion, Defendants seek "entry of final judgment on the fee award, and that the judgment jointly and severally be entered against Plaintiff, her counsel's law firm, and her individual counsel, exclusive of Scott Smith, Esq."  *Reply* [#114] at 12.

jointly and severally. The Court's independent research has revealed no authority indicating that a confession of judgment has an impact on the Court's ability to enter the final judgment requested by Defendants, which is understandable as the premise of joint and several liability is that both parties are responsible for the full amount of the award regardless of how much any individual pays. Therefore, Plaintiff's confession of judgment in the amount of $25,610.14 has no effect on whether the Court can enter final judgment jointly and severally against Plaintiff and Attorney Taussig for the amount which remains unpaid. In addition, there is no question that the Court has authority to enter final judgment for the attorneys' fees and costs award jointly and severally if it determines that is the proper course. *See ClearOne Comm's, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011); *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersystems Gmbh*, No. 98-cv-01072-RPM, 2008 WL 410413, at *4 (D. Colo. Feb. 12, 2008) (discussing the Court's inherent authority to assess attorneys' fees); Fed. R. Civ. P. 11(c)(1).

**C.    Judicial Estoppel**

Defendants argue that Plaintiff's counsel are estopped from arguing that the award of attorneys' fees should not enter against them because they previously argued that a fee award should enter against Plaintiff's former counsel, Attorney Moyson, in this action. *Reply* [#114] at 6-8. "[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion," which may be based on three factors. *Queen v. TA Operating, LLC*, --- F.3d ---, 2013 WL 4419322, at *4 (10th Cir. Aug. 20, 2012). These three factors are:

> First, a party's subsequent position must be clearly inconsistent with its former position. Next, a court should inquire whether the [ ] party succeeded in persuading the court to accept that party's former position, so that judicial acceptance of an inconsistent position in a later proceeding would create the *perception* that either the first or the second court was misled. Finally, the

> court should inquire whether the party seeking to assert an inconsistent
> position would gain an unfair advantage in the litigation if not estopped.

*Id.* (quotation and internal modifications omitted). These factors are not "an exhaustive formula for determining the applicability of judicial estoppel." *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001). "Additional considerations may inform the doctrine's application in specific factual contexts." *Id.*

With regard to the first factor, in her response to the Fees Motion, Plaintiff, through her counsel of record at the time, the Taussig Attorneys, asserted that "any order entered by the Court regarding attorney[s'] fees should include Mr. Moyson as the attorney 'primarily responsible' for such fees." *Response to Fees Motion* [#69] at 9. She argued that "[a]ll of the actions that occasioned Defendants' motion for attorney[s'] fees occurred while Mr. Moyson acted as Plaintiff's counsel." *Id.* Plaintiff also argued that "[i]t would be inequitable to allow the party that occasioned the circumstances giving rise to Defendants' motion to escape accountability, leaving others to bear the burdens of his actions and/or failure to act." *Id.* In conclusion, Plaintiff stated: "[a]ny award for attorney[s'] fees by the Court should be personally ordered against the attorney that necessitated Defendants['] damages, Peter Moyson." *Id.* at 10. In their Response to the instant Motion, the Taussig Attorneys argue that the Motion should not be granted because the record does not support entry of final judgment against Plaintiff's counsel. *Response* [#113] at 6-8. Specifically, they argue that the Motion asks the Court, for the first time, "to convert the Court's prior order into one against not just Plaintiff, but against counsel as well." *Id.* at 7. Although it is clear that the Taussig Attorneys tacitly accepted the possibility that an attorneys' fee award was appropriate under the circumstances, the Court does not find these positions

to be "clearly inconsistent."   *See New Hampshire*, 532 U.S. at 750.  While at one time, the

Taussig Attorneys argued that any award of fees should enter against Mr. Moyson, now

they are arguing that Defendants' Motion does not support entry of final judgment jointly

and severally against Plaintiff and the Taussig Attorneys.

Further, the second factor also weighs against estopping the Taussig Attorneys from

making their current argument.  In considering this factor, the Court does not focus on

whether the Taussig Attorneys "acted with some nefarious motive."  *Queen*, 2013 WL

4419322, at *7 (quotation omitted).  Instead, the Court considers "whether [their] actions

led [a court] to accept [their] position, so that judicial acceptance of an inconsistent position

in a later proceeding would introduce the risk of inconsistent court determinations and thus

pose a threat to judicial integrity."   *Id.*   Here, the Court was not persuaded to accept

Plaintiff's argument regarding Mr. Moyson's liability.  *See Order* [#84] at 16-18.  As a result,

Defendants have not shown that the Court relied on the position advocated by Plaintiff

through her counsel, the Taussig Attorneys, regarding the imposition of attorneys' fees

against Plaintiff's former attorney.  *See G & C Holdings, LLC v. Rexam Beverage Can Co.*,

2013 WL 2321611, at *4 (10th Cir. May 29, 2013) ("To be entitled to judicial estoppel, [the

moving party] had to prove that the district court relied upon [the other party's]

representation").

Based on the above, the Court declines to invoke the equitable doctrine of judicial

estoppel.

**D.      Waiver**

Defendants also argue that the Taussig Attorneys have waived any argument that

the fee award should not enter against counsel because the Taussig Attorneys previously

agreed in correspondence with Defendants that judgment should enter against them. *Reply* [#114] at 8-10.  In support of this argument, Defendants offer two emails from the Taussig Attorneys.  In the first email, Attorney Smith writes: "We actually want the Court to enter an order against our firm instead of the Plaintiff." *April 26 Email* [#109-1] at 1.  In the second email, Attorney Smith states that the Taussig Attorneys are considering "filing a motion asking the Court to direct the award against out firm, in lieu of entering it against the Plaintiff. . . . [because] the conduct giving rise to the claim was committed by Peter Moyson, and as such would [sic] be directed toward us instead of Plaintiff." *May 9 Email* [#109-2] at 1.  Defendants argue that it was only after they filed the instant Motion that the Taussig Attorneys "change[d] their tune and argue[d] that they and their firm should <u>not</u> have the fee award entered against them." *Reply* [#114] at 9 (emphasis in original). Defendants offer only one citation in support of their waiver argument, *Fenstermacher v. Moreno*, No. 08-CV-01447-SKO, 2010 WL 5071042, at *4 (E.D. Cal. Dec. 7, 2010). Defendants state that the case stands for the proposition that a "party waives argument upon its concession of the opposite argument." *Reply* [#114] at 9.  However, the Court's review of this case does not support that idea.  In *Fenstermacher*, the court found that Plaintiff's concession that his records were public information resulted in a waiver of his argument that they were privileged. *Fenstermacher*,, 2010 WL 5071042, at *4.  It is axiomatic that a party cannot assert privilege over documents that are available publicly. That is quite different from the situation here, where Defendants are relying on email correspondence between the parties to argue that the Taussig Attorneys have waived their ability to challenge the instant Motion.  Without legal support for the idea that email correspondence between parties in which one party takes a particular position can result

in waiver of an argument to the contrary in court filings, the Court will not go so far as to find a waiver here.

**E.     Clarification of the Court's Prior Order**

In the Court's prior Order [#84] which granted $25,610.14 in attorneys' fees and costs to Defendants, the Court's conclusion did not note against whom fees were to be imposed. *Order* [#84] at 19. Therefore, to the extent clarification or amended of that Order is sought, this Order will clarify and/or amend the Court's prior Order [#84].

The Motion to Modify [#45] sought attorneys' fees pursuant to Fed. R. Civ. P. 15(a) and 29 U.S.C. § 1132(g)(1). *Motion to Modify* [#45] at 1. Specifically, Defendant asked the Court to condition leave to amend the Complaint on an award of fees and dismissal of improper parties. Defendants argued that while leave to amend "shall be freely given when justice so requires," granting such relief is limited when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see Motion to Modify* [#45] at 8-9. Defendants further argued that in its discretion, the Court "should take into account any prejudice that the opposing party will suffer as a result of the amendment, *see Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–31 (1971), and may subject leave to amend to reasonable conditions." *Reply* [#114] at 8-9 (citing *Mountain View Pharmacy v. Abbott Laboratories*, 630 F.2d 1383, 1386 (10th Cir. 1980) ("[I]t is within a court's discretion to impose 'reasonable conditions' on a grant of leave to amend . . . .")). Defendants also point to 29 U.S.C. § 1132(g)(1) which grants the Court discretion to award attorneys' fees to either party involved in an

action for ERISA benefits if a party shows "some degree of success on the merits." *Hardt*

*v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2158-59 (2010) (holding that the

standard for awarding attorney's fees in an ERISA case is not "prevailing party" status, but

rather having "some degree of success on the merits"); *Reply* [#114] at 9.

After carefully considering the arguments made by Defendants, the Court granted

the Motion to Modify and ordered Defendants to file a motion compliant with

D.C.COLO.LCivR 54.3. *Minute Order* [#56]. As a result, Defendants filed the Fees Motion

[#57] which was addressed in the prior Order [#84]. After a thorough examination of the

documents submitted by the parties, the Court concluded that "a reasonable fee award

under these circumstances is $25,000.00. Regarding costs, the Court finds that

Defendants' requested costs of $610.14 are reasonable." *Order* [#84] at 16. The Court

also considered the declarations submitted by Attorney Moyson [#73-1] and Attorney

Taussig [#76-1]. In so doing, the Court made the following findings:

- It is undisputed that Attorney Moyson was not associated with the law firm at the time of the original complaint, which was prepared and filed by Attorney Taussig. *Order [#84] at 16 (citing Decl. of Moyson* [#73-1] at 2; *Decl. of Taussig* [#76-1] at 2).

- Additionally, Attorneys Moyson and Taussig agree that Taussig was "principally responsible" for contacting Plaintiff. *Id.* at 16-17 (citing *Decl. of Moyson* [#73-1] at 2; *Decl. of John Taussig* [#76-1] at 2).

- With respect to Plaintiff's ERISA claim, Attorney Moyson suggests that Attorney Taussig should have asked Plaintiff whether she exhausted her administrative remedies before filing the Complaint. *Id.* at 17 (citing *Decl. of Moyson* [#73-1] at 2).

- Additionally, Attorney Moyson asserts that he was required to obtain Attorney Taussig's permission before "taking positions or submitting documents in client matters, including this one." *Id.* (citing *Decl. of Moyson* [#73-1] at 2).

- He further contends that Attorney Taussig ignored his communications

regarding Plaintiff's ERISA claim or delayed responding to him.  *Id.* (citing *Decl. of Moyson* [#73-1] at 2).

- Attorney Taussig, on the other hand, asserts that Attorney Moyson was "lead counsel for all procedural matters, discovery, and to get the case at least to depositions, and perhaps to trial."  *Id.* (quoting *Decl. of Taussig* [#76-1] at 1).

- Attorney Taussig also contends that he encouraged and permitted Attorney Moyson to file all necessary pleadings.  *Id.*  (citing *Decl. of Taussig* [#76-1] at 2).

- Finally, Attorney Taussig states that Attorney Moyson said he would resolve the issues regarding the Motion to Dismiss and Attorney Taussig trusted that Attorney Moyson would do so.  *Id.*  (citing *Decl. of Taussig* [#76-1] at 2-3).

- Additionally, the record reflects that since Plaintiff filed her Complaint [#2], she has consistently failed to meet deadlines and has requested extensions, both before and after she was represented by Attorney Moyson.  *Id.*

- Likewise, the Court has issued warnings to Plaintiff regarding the importance of timely filings both before and after Attorney Moyson's departure.  *Id.*

The Court concluded:

Based on its review of the declarations and the case file, the Court finds insufficient evidence to conclude that Attorney Moyson bears primary responsibility for the actions that led to the award of fees and costs such that the fee award should be imposed against him.  Attorney Taussig initiated this action on behalf of Plaintiff by signing the initial Complaint [#2], including the ERISA claim, and he continues to represent Plaintiff.

*Id.* at 17-18.

It is clear from the Court's analysis that Plaintiff's counsel, at all times attorneys

affiliated with Taussig & Taussig, P.C. or its precursors[5] engaged in the conduct that

---

[5]  The Court notes that some of the pleadings filed in this case are signed by Attorney Taussig as a member of the firm Taussig Law Firm, LLC and a member of the firm Taussig, Moyson & Scipione, P.C.  *See Compl.* [#2] at 1; *Response to the Amended Motion to Dismiss Plaintiff's Complaint (Doc. No. 22)* [#27] at 3.  However, the Taussig Attorney's Response [#113]  and the docket both reflect that the name of the firm representing Plaintiff in this case, other than for purposes of responding to the instant Motion, is Taussig & Taussig, P.C.

resulted in the imposition of the fees award.

While Defendants' Fees Motion focused on Fed. R. Civ. P. 15 and 29 U.S.C. § 1132(g)(1), the Court also has inherent authority to assess attorneys' fees and, in addition, may do so pursuant to Fed. R. Civ. P. 11.  The Tenth Circuit "has established five factors a district court may consider in deciding whether to exercise its discretion to award attorney's fees and costs in an ERISA case: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' position."  *Cardoza v. United of Omaha Life Ins. Co.*, 708 F.3d 1196, 1207 (10th Cir. 2013).  While the Court has authority to enter a fees award pursuant to Section 1132, the conduct giving rise to the fees award in this case is more properly analyzed pursuant to Rule 11 and the Court's inherent authority to assess fees.

Rule 11 imposes a reasonableness requirement on all parties who file papers with the Court.  *See Bus. Guides, Inc. v. Chromatic Comms. Enters., Inc.*, 498 U.S. 533, 542 (1991) ("A signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive.").  Rule 11 allows the Court to sanction "any attorney, law firm, or party that violated" the rule.  In so doing, "a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c)(1).  In addition, federal courts have inherent authority to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for

oppressive reasons." *Chambers v. NASCO,* 501 U.S. 32, 50 (1991) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258-59 (1975)). This authority includes the authority to assess fees against counsel who engage in abusive litigation conduct. To impose an award of attorneys' fees against counsel under the Court's inherent powers, the Court must find that the counsel's conduct constituted or was tantamount to bad faith. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766-67 (1980).

Here, the Court's imposition of sanctions was based on Plaintiff's history of prosecuting a frivolous ERISA claim. In December 2011, Defendant conferred with Plaintiff's counsel regarding issues with the Complaint. Plaintiff's counsel acknowledged that certain named defendants should have been voluntarily dismissed and that "[s]ome complaints can give 'notice pleading' a bad name." *Dec. 5 Email* [#45-1] at 1; *see also Dec. 23 Email* [#45-2] at 1. However, Plaintiff's counsel then failed to amend the Complaint to correct the issues raised by Defendants, which resulted in Defendants filing several lengthy papers with the Court, including a motion to dismiss [##17, 18], an amended motion to dismiss [#22], and an administrative record in response to Plaintiff's ERISA claim [##35, 36]. Plaintiff's counsel pursued meritless litigation and failed to meet deadlines throughout the litigation. These facts support the Court's imposition of attorneys' fees against both Plaintiff and her counsel, Taussig & Taussig, P.C., pursuant to Rule 11 and the Court's inherent authority. *See Chambers*, 501 U.S. at 45-46; *Roadway Express, Inc.,* 447 U.S. at 766-67; *Medtronic* Navigation, 2008 WL 410413, at *10.

**F.    Interest**

The parties appear to agree that interest is determined by 28 U.S.C. § 1961, but disagree on the date from which interest is calculated. *Response* [#113] at 9-10; *Reply*

[#114] at 11-12.  Pursuant to 28 U.S.C. § 1961(a) "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  Therefore, the question is: Is entry of the Order [#84] equivalent to "entry of the judgment" pursuant to Section 1961?

Pursuant to Fed. R. Civ. P. 54(a), a "[j]udgment . . . includes . . . any order from which an appeal lies."  Further, "[i]nterlocutory fee rulings that culminate in the final and appealable fee award are reviewable on appeal from that award."  *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1221 n.10 (10th Cir. 2006) (citing *Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 924 (10th Cir. 2005)).  In addition, "an award of attorney fees is final for purposes of appeal only after it is reduced to a sum certain."  *Aguinaga v. United Food and Commercial Workers Intern. Union*, 993 F.2d 1480, 1481 (10th Cir. 1993); *see also Am. Soda, LLP*, 428 F.3d at 924.

Here, the Court's prior Order [#84], reduced the award of attorneys' fees to a sum certain, which made it final and appealable.  *See Steinert*, 440 F.3d 1221 n.10.  Therefore, the date the prior Order was entered, February 12, 2013, is the date from which interest began to accrue because that is the date "the fees were meaningfully ascertained and included in a final, appealable judgment."  *MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/American Exp., Inc.*, 962 F.2d 1470, 1476 (10th Cir. 1992); *see also Degrado v. Jefferson Pilot Fin. Ins. Co.*, No. 02-cv-01533*-WYD-BNB, 2009 WL 1973501, at *13 (D. Colo. July 6, 2009).  Accordingly, Defendants are entitled to interest at the rate set in Section 1961 from the date of entry of the prior Order [#84].

### III.  Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#104] is **GRANTED**.

IT IS FURTHER **ORDERED** that **FINAL JUDGMENT** shall enter in the amount of

**$25,610.14** in favor of Defendants and jointly and severally against Plaintiff and Taussig

& Taussig, P.C., plus interest as provided for by 28 U.S.C. § 1961 accruing from February

12, 2013.

Dated:  December 3, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge